IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AS AMERICAN AS DOUGHNUTS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL J.T. PATTON d.b.a. SPUDS DONUTS & MORE, *et al.*, <br><br> Defendants. | ORDER and MEMORANDUM DECISION <br><br><br><br><br> Case No. 2:10-cv-1138 CW |

Now before the court is a motion to consolidate this case with Case No. 2:11-cv-241 CW (the "'241 Case") (Dkt. No. 25).[1]  For the reasons explained below, this motion is GRANTED.

Under DUCIVR 42-1:

Any party may file a motion and proposed order to consolidate two or more cases for hearing by a single judge if the party believes that such cases or matters
(i) arise from substantially the same transaction or event;
(ii) involve substantially the same parties or property;
(iii) involve the same patent, trademark, or copyright;
(iv) call for determination of substantially the same questions of law; or
(v) for any other reason would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges.

The present action involves, among many other causes of action, a cause of action for

---

[1] Because oral argument would not be of significant help in resolving this motion, the court has determined the outcome based on the memoranda of the parties.  *See* DUCivR 7-1(f).

trademark infringement in which Plaintiff makes allegations regarding Defendant Roger Grear, Sr.'s use of the "Spudnuts" trademark.  The '241 Case almost exclusively involves allegations that Plaintiff is infringing on the "Spudnuts" trademark, which is owned by MP-OTHA Corporation.  Accordingly, these actions both involve the "Spudnuts" trademark.

Moreover, there is significant overlap in the parties in these actions.  Most importantly, Plaintiff in this action is a Defendant in the '241 Case.  Moreover, Michael J.T. Patton, a Defendant in this case, is the owner of MP-OTHA Corporation, the Plaintiff in the '241 Case.

The court agrees with Plaintiff that a consolidated trial involving the claims of both of these actions could pose a risk of confusing a jury.  Given this risk, the court would certainly entertain a motion to sever the issues involved in these actions for trial at an appropriate time in the future.  Given that there are good grounds to consolidate this case and the '241 Case for discovery and motion practice purposes, however, potential jury confusion by itself is not grounds to deny the present motion.

## CONCLUSION AND ORDER

For the reasons set forth above, the court GRANTS the motion to consolidate.  Case No. 2:11-cv-241 CW is thus CONSOLIDATED into this action.

SO ORDERED this 13th day of September, 2011.

> BY THE COURT:
>
> _____
> Clark Waddoups
> United States District Judge