IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MP-OTHA CORP.,<br><br>                  Plaintiff,<br>v.<br><br>AS AMERICAN AS DOUGHNUTS, INC. et al.,<br>                  Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT<br><br>Case No. 2:10-cv-1138 CW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Brooke Wells |

      Before the court is consolidated Plaintiff MP-OTHA Corporation's Motion for Leave to File Supplemental Complaint.[1] Pursuant to Rule 15(d) Plaintiff seeks leave to add new claims related to recent events. Specifically, the supplemental claims relate to communications made from Defendants to other doughnut shops regarding the mark "SPUDNUTS" which is in dispute in this case. As outlined below, the court is persuaded that Plaintiff meets the requirements of Rule 15(d) and therefore grants the motion to supplement complaint.

      Pursuant to Rule 15(d) a party may seek to serve a "supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."[2] "Rule 15(d) gives trial courts broad discretion to permit a party to serve a supplemental pleading setting forth post-complaint transactions, occurrences or events [and] [s]uch authorization 'should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants.'"[3] Generally, the standard used by courts in deciding

---

[1] Docket no. 45.

[2] Fed. R. Civ. P. 15(d).

[3] *Walker v. United Parcel Service, Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001) (quoting *Gillihan v. Shillinger*, 872 F.2d 935, 941 (10th Cir. 1989)).

whether to grant or deny a motion for leave to supplement is the same standard used in deciding whether to grant or deny a motion for leave to amend.[4] Thus, leave to supplement should be freely granted unless there is undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or the supplement would be futile.[5]

Here, the court first finds that supplementation is timely and there is no bad faith on behalf of Plaintiff. Consolidated Defendants argue that "supplementation is late relative to the procedural posture of the case."[6] In support Defendants cite to *Walker v. United Parcel Service, Inc.*,[7] in which the court denied leave to file a supplemental complaint after discovery had closed and after the defendant had filed a motion for summary judgment. Unlike *Walker*, discovery in this case is recently underway and does not end until June 2012.[8] The mere fact that Defendants have filed a motion for summary judgment and injunctive relief at the relative beginning of the case does not make this case analogous to *Walker*. Further, the concerns raised by Defendants about burdening consolidation with supplementation are now moot given that consolidation has already occurred.

Next, Defendants assert that supplementation will have a chilling effect and create undue prejudice. Defendants cite to *Southwest Nurseries, LLC v. Florists Mutl. Ins., Inc.*[9] in support of their argument. In *Southwest*, the plaintiff sued the defendant for losses suffered from a severe hail storm. An arbitration panel entered conclusions of law and an award in favor of Southwest. Plaintiff then sought leave to file a supplemental pleading for claims related to Defendant's

---

[4] *See Fowler v. Hodge*, 94 Fed.Appx. 710, 714 (10th Cir. 2004); 3 James Wm. Moore et al., *Moore's Federal Practice* § 15-109.

[5] *See Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a).

[6] Op. p. 4.

[7] 240 F.3d 1268.

[8] *See* Scheduling Order, docket no. 63.

[9] 266 F.Supp.2d 1253 (D.Colo. 2003).

"conduct in the context of settlement negotiations"[10] and the failure of Defendant to act in good faith to settle and pay Southwest's claim. The court denied Plaintiff's request citing to Rule 408 of the Federal Rules of Evidence and the "well-recognized public policy in favor of non-litigious solutions to disputes."[11] In addition to the potential problems with Rule 408, the court also cited to the "very real potential for jury confusion"[12] as a basis for denying the motion.

      The court finds this case is not analogous to *Southwest*. First, the facts of this case do not support Defendant's argument that allowing the supplement would "chill and discourage Defendants from exercising their rights" to speak with others regarding the case. The supplemental claims here concern alleged misrepresentations. If the representations are falsehoods then they would be analogous to those found in slander or libel cases that are not protected by the law nor encouraged by public policy. Thus, there would be little to no prejudice to Defendants by allowing the supplement. Further, unlike *Southwest*, the court finds the potential for jury confusion is much more minimal in this case.

      Finally, the court finds that the new claims are categorically close enough in fact and law that judicial economy is best served by allowing supplementation rather than have Plaintiff file an entire new action based upon what occurred after the filing of the complaint in this case.

---

[10] *Id.* at 1256.

[11] *Id.* at 1257.

[12] *Id.* at 1259.

ORDER

For the foregoing reasons the court GRANTS Plaintiff's Motion for Leave to File Supplemental Complaint.

DATED this 1 November 2011.

_____
Brooke C. Wells
United States Magistrate Judge