Alan L. Edwards (6086)
Scott C. Hilton (12554)
Richard B. Nordgren (12188)
KUNZLER NEEDHAM MASSEY & THORPE
8 East Broadway, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 994-4646
Facsimile: (801) 531-1929

*Attorneys for Consolidated Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| MP-OTHA Corporation,<br><br>Consolidated Plaintiff,<br><br>v.<br><br>As American as Doughnuts, Inc.;<br>Douglas E. Bagley, d.b.a. Spudnuts; and<br>DOES 1-10,<br><br>Consolidated Defendants. | **FIRST SUPPLEMENTAL COMPLAINT UNDER FED. R. CIV. P. 15(d)**<br><br>**JURY DEMAND**<br><br>Case No. **2:10CV01138 CW**<br>(consolidated with<br>Case No. 2:11CV00241 CW)<br><br>District Judge: **Clark Waddoups**<br><br>Magistrate Judge: **Brooke C. Wells** |

Consolidated Plaintiff, MP-OTHA Corporation brings this First Supplemental Complaint against Consolidated Defendants As American as Doughnuts, Inc., Douglas E. Bagley d.b.a. Spudnuts (hereinafter "Consolidated Defendants"), and "DOES 1-10," to address recent events and to add new claims. Consolidated Plaintiff alleges the following:

## PARTIES

1.      Consolidated Plaintiff MP-OTHA Corporation, Consolidated Defendants As American as Doughnuts, Inc. ("As American"), and Douglas E. Bagley ("Mr. Bagley") remain the same as in the First Amended Complaint.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction and venue under the same statutory authorities cited in the First Amended Complaint.

## SUPPLEMENTAL FACTUAL ALLEGATIONS

3.      In July 2011, Consolidated Defendants telephoned certain potato flour doughnut shops offering them a "lifetime Spudnuts shop franchise."

4.      On or about August 10, 2011, Consolidated Defendants sent a letter to Spudnuts, a doughnut shop in Amarillo, Texas.  *See* Exhibit A.  Upon information and belief, Consolidated Defendants disseminated copies of the letter to certain other doughnut shops and orally conveyed statements and assertions made in the letter to proprietors of these doughnut shops by telephone.

5.      The letter contains several statements of fact against Mr. Patton, the owner of Consolidated Plaintiff, and/or Consolidated Plaintiff (by referring to "Spudos Doughnuts," Consolidated Plaintiff's DBA) , which are untrue, defamatory, slanderous, and/or which state falsely that Consolidated Plaintiff (and/or Mr. Patton, the owner of Consolidated Plaintiff), has engaged in conduct not compatible with the exercise of a lawful business, trade, profession, or office, including but not limited to:

    a. That Consolidated Plaintiff is selling Consolidated Defendants' mix.  Exhibit A 2.

    b. That Consolidated Plaintiff will "come after" doughnut shops "no matter how long [they] have been using" the mark SPUDNUTS.  Exhibit A 2.

    c. That Consolidated Plaintiff is a threat to "potential successors" of the shop owners regarding successors' use of the mark SPUDNUTS.  Exhibit A 2, 4.

    d. That Consolidated Plaintiff's predecessor's ownership of the federally registered mark was "invalid and void."  Exhibit A 4.

    e. That Consolidated Defendant has a "lawsuit currently in Federal Court asking the judge to stop [Mr. Patton/Spudos] from threatening Spudnut stores."  Exhibit A 4.

6. Consolidated Defendants made these statements having knowledge that they were false or with reckless disregard of whether they were false.

7. The doughnut shops in receipt of Consolidated Defendants' intentional statements are current or potential customers of Consolidated Plaintiff, interfering with Consolidated Plaintiff's ability to market doughnut mix and other products to these doughnut shops.

8. Upon becoming aware of the letter, Consolidated Plaintiff contacted Consolidated Defendants' counsel in an attempt to resolve the situation by giving Consolidated Defendants the opportunity to correct only one of the letter's many misrepresentations, Consolidated Plaintiff indicating that the single correction would end the matter.  Through counsel, Consolidated Defendants refused.

9. The foregoing conduct of Consolidated Defendants has caused and will continue to cause damage and injury to Consolidated Plaintiff including damage to Consolidated Plaintiff's good name and reputation.

## FIRST SUPPLMENTAL CLAIM FOR RELIEF
Defamation (Libel and Slander)
Utah Code Ann. §45-2-2

10. All prior paragraphs of the Complaint are realleged and incorporated by reference as if fully set forth herein.

11. Consolidated Defendants have published statements by printing the letters for various doughnut shops and have communicated statements by spoken words in telephone conversations with doughnut shop owners.

12. Consolidated Defendants intentionally made the statements and intentionally communicated the statements to third parties, including current or potential customers of Consolidated Plaintiff.

13. The statements were false and defamatory, to impeach the honesty, integrity, virtue or reputation of Consolidated Plaintiff, thereby exposing Consolidated Plaintiff to public hatred, contempt or ridicule and are not subject to privilege.

14. The statements involved charges of conduct incompatible with the exercise of a lawful business, profession, or office, making the statements defamation *per se*.

15. The publication and oral communication of the statements have damaged Consolidated Plaintiff including damaging Consolidated Plaintiff's good name and reputation and economic relationships with current or potential customers, requiring Consolidated Plaintiff to expend resources in restoring its good name and reputation and opportunities for economic relationships.

## SECOND SUPPLEMENTAL CLAIM FOR RELIEF
Intentional Interference with Potential Economic Relations

16. All prior paragraphs of the Complaint are realleged and incorporated by reference as if fully set forth herein.

17. The letter and phone calls to numerous doughnut shops are intentional acts constituting interference with Consolidated Plaintiff's potential economic relations.

18. These doughnut shops are current or potential customers of Consolidated Plaintiff's doughnut mixes and other products.

19. Consolidated Defendants used improper means, including deceit, misrepresentation, and defamation, in their communication with the doughnut shops.

20. Consolidated Defendants' intentional interference has injured Consolidated Plaintiff including damaging Consolidated Plaintiff's good name and reputation and potential economic relationships with current or potential customers, requiring Consolidated Plaintiff to expend resources in restoring its good name and reputation and opportunities for economic relationships.

## THIRD SUPPLEMENTAL CLAIM FOR RELIEF
Business Disparagement

21. All prior paragraphs of the Complaint are realleged and incorporated by reference as if fully set forth herein.

22. Consolidated Defendants intentionally made the statements, knowing they were false and/or spurious, which imputed unlawful and/or dishonest conduct to Consolidated Plaintiff.

23.     Consolidated Defendants intentionally made the statements, knowing they would give a false and misleading impression, reasonably foreseeable to result in damage to Consolidated Plaintiff.

24.     Consolidated Defendants' statements have injured Consolidated Plaintiff including damaging Consolidated Plaintiff's good name and reputation and economic relationships with current or potential customers, requiring Consolidated Plaintiff to expend resources in restoring its good name and reputation and opportunities for economic relationships.

## SUPPLEMENTAL PRAYER FOR RELIEF

WHEREFORE, Consolidated Plaintiff respectfully prays this Court for judgment and relief as follows:

a. Judgment in favor of Consolidated Plaintiff finding that Consolidated Defendants are liable for defamation, intentional interference with economic relations, and business disparagement.

b. Judgment in favor of Consolidated Plaintiff finding that Consolidated Defendants must pay Consolidated Plaintiff money damages in an amount to be determined at trial, enhanced damages, attorneys fees, and costs.

c. Judgment awarding Consolidated Plaintiff Punitive Damages for Consolidated Defendants' intentional and/or knowingly reckless actions.

d. Injunctive relief enjoining Consolidated Defendants from further conduct, actions, or behaviors that defame Consolidated Plaintiff, interfere with Consolidated Plaintiff's potential economic relations, or disparage Consolidated Plaintiff's business.

    e. An accounting for an award of any and all ascertainable damages, to be determined at trial, related to the unlawful acts of the Consolidated Defendants.

    f. For such further relief as the Court may deem just and proper.

## JURY DEMAND

Consolidated Plaintiff demands a trial by jury as to all issues triable by a jury in this action.

Respectfully submitted,

Date: November 2, 2011        /s/ Alan L. Edwards

Alan L. Edwards  
Kunzler Needham Massey & Thorpe  
8 East Broadway, Suite 600  
Salt Lake City, UT 84111  
Phone: (801) 994-4646