IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AS AMERICAN AS DOUGHNUTS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL J.T. PATTON d.b.a. SPUDS DONUTS & MORE, *et al.*,<br><br>Defendants. | ORDER and<br>MEMORANDUM DECISION<br><br><br><br><br>Case No. 2:10-cv-1138 CW<br>Consolidated Case No.<br>2:11-cv-241 CW |

Now before the court is a motion for preliminary injunction filed by MP-OTHA in its role as Plaintiff in consolidated case number 2:11-cv-241 CW (Dkt. No. 44). MP-OTHA seeks to enjoin As American as Doughnuts, Inc. ("As American") and Douglas E. Bagley from using, licensing or inducing others to use the marks SPUDNUTS, SPUDNUT, ORIGINAL SPUDNUT, SPUDNUT DONUTS, and SPUDNUT DONUTS THE GREAT TASTE IS BACK and related marks. In short, MP-OTHA is the owner of the federally registered trademark SPUDNUTS and contends that As American and Mr. Bagley's use of the above-mentioned marks infringes on the SPUDNUTS mark and must be enjoined. For the reasons listed below, this motion is DENIED.

For the purposes of this motion only, the court will assume that this injunction would preserve the status quo. To obtain such an injunction, the movant must show: "(1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the

absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009).  Here, none of these factors favors issuing an injunction.

     First, MP-OTHA has not convinced the court that it is likely to succeed on the merits. Most saliently, there is a material issue of fact of whether the prior holder of the federally registered SPUDNUTS mark abandoned the mark before he sold it to MP-OTHA.  While MP-OTHA argues that it may tack a prior use of the SPUDNUTS mark to defeat abandonment, the merits of this proposition turn on material issues of fact that are heavily disputed and at this stage of the litigation, do not clearly favor one side or the other.

     Second, while trademark infringement is an indicator that MP-OTHA might suffer irreparable harm by As American and Mr. Bagley's use, infringement alone is not irreparable harm.  *See eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 393-94 (2006) (patent infringement alone does not satisfy irreparable harm element).  Here, MP-OTHA has been using the SPUDNUTS mark for less than a year.  As American and Mr. Bagley are also relatively new market entrants.  MP-OTHA offers no evidence that any retail doughnut seller has been confused that As American or Mr. Bagley are affiliated with MP-OTHA.  While MP-OTHA is of the opinion that As American and Mr. Bagley's doughnut mix is inferior for various reasons, MP-OTHA has produced no evidence that this mix has actually made any end consumer of doughnuts averse to trying another doughnut named "spudnut."  There is no evidence now before the court to support a finding that As American and Mr. Bagley's use of the mark has damaged any goodwill associated with MP-OTHA's use of the same mark.  Accordingly, this element does not favor an injunction.

On the balance of equities, the court is satisfied that neither MP-OTHA nor the non-movants have a strong case in their favor. Finally, the public interest is generally best advanced by competition, especially when the validity of the trademark is in question. Accordingly, the fourth and last factor militates against issuing this injunction.

## CONCLUSION

For the reasons set forth above, MP-OTHA's motion for an injunction (Dkt. No. 44) is DENIED.

SO ORDERED this 22nd day of November, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Judge