Alan L. Edwards (6086)
Scott C. Hilton (12554)
Richard B. Nordgren (12188)
KUNZLER NEEDHAM MASSEY & THORPE
8 East Broadway, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 994-4646
Facsimile: (801) 531-1929

*Attorneys for Consolidated Plaintiff*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MP-OTHA Corporation,<br><br>Consolidated Plaintiff,<br><br>v.<br><br>As American As Doughnuts, Inc,;<br>Douglas E. Bagley, d.b.a. Spudnuts; and<br>DOES 1-10,<br><br>Consolidated Defendants. | **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS CONSOLIDATED DEFENDANTS FIRST AND SECOND COUNTERCLAIMS**<br><br>Case No. **2:10CV01138 CW**<br>(consolidated with Case No. 2:11CV00241 CW)<br><br>District Judge: **Clark Waddoups**<br><br>Magistrate Judge: **Brooke C. Wells** |

Consolidated Plaintiff MP-OTHA Corporation ("Plaintiff") submits this memorandum in support of its motion to dismiss Consolidated Defendants' ("Defendants") counterclaims contained in Defendants' Answer to Plaintiff's supplemental complaint.

## INTRODUCTION[1]

The two counterclaims in the Answer fail to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).  The first and second Counterclaims request declaratory judgment and allege trademark infringement, respectively.

## ARGUMENT

I.  <u>Defendants' counterclaims are implausible on their face.</u>

Defendants' First Counterclaim includes a request that this Court enter declaratory judgment finding that Defendants exclusively own the federally registered SPUDNUTS mark based on its alleged first post-abandonment use.  *See* Def.s' Answer to First Supplemental Compl. (No. 70) (hereinafter "Answer") at ¶ 73 and p. 10 ¶ b.  Defendants' Second Counterclaim alleges that Plaintiff has infringed Defendants' federally registered SPUDNUTS mark.  *See* Answer at ¶¶ 82, 83.  These claims to relief are implausible on their face.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  Making this determination includes determining, first, what cause or causes of action Plaintiff is asserting and, second, whether the facts alleged are sufficient to support a claim for relief.  *Commonwealth Prop.*

---

[1] Because the motion is brought pursuant to Fed. R. Civ. P. 12(b)(6), only the specific facts alleged in the Complaint are properly before the Court.  Movants have not included extended factual recitation, as it would be unnecessary and duplicative of the Complaint itself.

*Advocates, LLC v. Mortgage Elec. Registration Sys., Inc.*, 2011 U.S. App. LEXIS 25753 at 19-20 (10th Cir. 2011).

Defendants admit that Plaintiff owns the federally registered SPUDNUTS trademark. *See* Answer at ¶¶ 38 and 42.  However, Defendants do not state any legal grounds on which Defendants could possibly exclusively own Plaintiff's federally registered SPUDNUTS mark to warrant the First Counterclaim's requested declaratory judgment.   Federal registrations are obtainable only by filing an application with the Patent and Trademark Office or recording an assignment of a registered mark.    *See* Lanham Act, 15 U.S.C. §§ 1051and 1057.  Defendants assert that first post-abandonment use of a mark results in that party's ownership of the abandoned federally registered mark.  Defendants cite no legal authority for this novel theory, and indeed cannot – it is plucked from the air.  Rather, if a mark is abandoned a petition may be filed to cancel the mark.  *See* Lanham Act, 15 U.S.C. § 1064 generally and more particularly at § 1064(3).

Defendants do not allege that a request for their federal registration of the SPUDNUTS mark has been granted by the Patent and Trademark Office.  Neither do they allege that rights to the federally registered SPUDNUTS mark have been assigned to them.  Even if the allegations that the mark was abandoned (Answer at ¶ 70) and that Defendants were first to use the mark after it was abandoned (Answer at ¶ 71) were true, these allegations are in no way sufficient to support a claim that Defendants thereby obtain ownership rights of the registration.  Furthermore, even if the SPUDNUTS mark had been abandoned as Defendants allege, Defendants, by their own factual recitation, would not be the first post-abandonment users of the mark. *See* Answer at ¶ 35.

Thus, the claim that the Court should declare Defendants' exclusive ownership of the federally registered SPUDNUTS mark is not plausible on its face and should be dismissed.

Since Defendants' claim to ownership of the federally registered SPUDNUTS mark is implausible on its face, Defendants' Second Counterclaim for trademark infringement of the federally registered SPUDNUTS mark is also implausible on its face, since Defendants cannot claim trademark infringement of a federally registered mark if they have no rights to that registration.

> II. Defendants' First Counterclaim requests relief that is inconsistent with declaratory judgment and the counterclaims are not in response to the supplemental complaint.

Defendants' First Counterclaim requests declaratory judgment.  Answer at ¶ 69.  A declaratory judgment is a statement by the court deciding the legal relationship of the parties.  28 U.S.C. §§ 2201-2202; *see also Moore's Manual: Federal Practice and Procedure*, at §§ 25A.01[1] -[2], *citing NUCOR Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 577 (7th Cir. 1994).  However, Defendants' First Counterclaim for declaratory judgment fails because (1) the relief requested is inconsistent with declaratory judgment and (2) the counterclaims are not in response to the supplemental complaint.

> A. Defendants' First Counterclaim requests relief inconsistent with declaratory judgment.

While it is difficult to determine exactly what all is included in Defendant's request for declaratory judgment, at least one of the ways which Defendants' First Counterclaim may be read is that the scope of the requested declaratory judgment includes a prayer for injunctive relief.  *See* Answer at ¶ 74 and 75 ("Plaintiff should be permanently enjoined from representing

any form of ownership of or rights in Defendants' federally registered SPUDNUTS mark . . . . Plaintiff should be ordered to immediately discontinue use or promotion in any form of Defendants' mark . . . .").

A prayer for injunctive relief is inconsistent with a prayer for declaratory relief. Declaratory relief is a declaration of the legal relationship between parties; injunctive relief is coercive, directing a party to act or not act in a certain way. *Moore's Manual: Federal Practice and Procedure*, at § 25.01[2]. In addition, injunctive relief requires different elements than declaratory relief in determining whether to grant relief (i.e., irreparable harm, balance of the injuries, and public interest. *Moore's Manual: Federal Practice and Procedure*, at § 25.01[2]). Thus, regardless of the merits behind any claim for injunctive relief, the First Counterclaim is inconsistent with a request for declaratory relief.

> B. <u>Defendants' First Counterclaim is not responsive to the First Supplemental Complaint.</u>

A supplemental complaint includes allegations regarding events that happen after the first complaint in contrast to an amended complaint, which includes allegations regarding events prior to the first complaint. *See* Fed. R. Civ. P. 15(d); *see also ConnectU LLC v. Zuckerberg*, 522 F.3d 82, 90 (1st Cir. 2008). In the present case, the allegations by Plaintiff in the First Supplemental Complaint appropriately address events that happened after the first complaint was filed. The difference is of genuine consequence. *Hertz Corp. v. Enter. Rent-A-Car Co.*, 557 F. Supp. 2d 185, 191-192 (D. Mass. 2008). Fed. R. Civ. P. 15(d), which governs supplemental pleadings, states that it is within the trial court's discretion regarding whether to allow even an answer to a supplemental pleading. *See* Fed. R. Civ. P. 15(d); see also *Astra Aktiebolag v. Andrx Pharms.*,

*Inc.*, 695 F. Supp. 2d 21, 31-32 (S.D.N.Y. 2010).  Several courts have held that, even if an answer is allowed, no new counterclaims or affirmative defenses are permitted unless they are in response to those portions of the pleadings which were supplemented.  *See Refuse Fuels, Inc. v. National Union Fire Ins. Co.*, 139 F.R.D. 576, 578 (D. Mass. 1991) (*citing Chrysler Corporation v. Fedders Corporation*, 540 F. Supp. 706, 713 (S.D.N.Y., 1982).

Neither of Defendants' counterclaims is responsive to Plaintiff's supplemental claims for relief, and should be dismissed.  (We note that many of the affirmative defenses filed in Defendants' Answer to the First Supplemental Complaint are also non-responsive, *see, e.g.,* Answer at ¶¶ 27-47, 53 and 54, listing fraud, abandonment, genericness, descriptive or no actual secondary meaning, third-party usage, assignment in gross, first use, and prior use as affirmative defenses.  Defenses, however, are of course not subject to a Rule 12(b)(6) challenge.)

In light of the above, Plaintiff respectfully requests that this Court dismiss Defendants' First and Second Counterclaims for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

Date: January 13, 2012    By: /s/ Alan L. Edwards
                                                       Alan L. Edwards
                                                       Kunzler Needham Massey & Thorpe
                                                       8 East Broadway, Suite 600
                                                       Salt Lake City, UT 84111
                                                       Phone: 801.994.4646